# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:11-cv-238-RJC

| | |
|---|---|
| BLAKE MCGRATH, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>N.C. DEP'T OF CORRECTION, )<br>)<br>Respondent. )<br>_____) | **ORDER** |

**THIS MATTER** is before the Court upon initial review of Petitioner's *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2254. (Doc. No. 1). Also before the Court is Petitioner's motion to proceed *in forma pauperis*. (Doc. No. 2).

## I.    FACTUAL AND PROCEDURAL BACKGROUND

According to Petitioner,[1] he filed a grievance (# 3730-D-101-000) on January 5, 2010, complaining about a cell search conducted by a Marion Correctional Institution ("MCI") officer. (Doc. No. 1 at 5-6). On January 22, 2010, Petitioner was charged with knowingly making a false written statement about a staff member ("A-18 violation"). (Id. at 1, 6). The A-18 violation was based upon the allegations Petitioner made in grievance # 3730-D-101-000. (Id. at 6). On January 27, 2010, the same correction officer charged Petitioner with disobeying a lawful order of a prison official ("C-3 violation"), engaging in prohibited barter, trade, loan, or other business activity ("C-9 violation"), and selling, misusing, accumulating or hiding medication ("B-19 violation"). (Id. at 1, 6). All stemmed from the same cell search that had initiated Petitioner's grievance. (Id. at 5).

---

[1]Petitioner used the standard form habeas petition ("form petition") adopted by the Judicial Conference for the United States, which took effect on December 1, 2004.

On January, 27, 2010, Petitioner appeared before a Disciplinary Hearing Officer ("DHO") on all four charges. (Id. at 1). According to Petitioner, the DHO allowed him to plead "not guilty" to the A-18 violation but would not allow him to enter individual pleas for the other three infractions. (Doc. No. 1 at 1). Instead, because those infractions occurred incident to the same cell search, the DHO would allow only a global plea to all three. (Id. at 1, 8). Although he had intended to plead guilty to only one of the infractions and to challenge the other two, Petitioner entered a single guilty plea to all three. (Id. at 8). Petitioner also asserts that the DHO refused to allow him to say anything during the hearing other than to enter his pleas. (Id. at 2).

The DHO found Petitioner guilty of all four infractions. (Id. at 1). He was sentenced to 60 days in segregation for the A-18 violation and 45 days in segregation, combined, for the other three violations. (Id. at 6). Additionally, Petitioner lost eight days of good time credits for the C-3 violation and 10 days good time credits for the B-19 violation. (Doc. No. 1 at 1). Petitioner appealed the guilty verdict for the A-18 conviction.[2] (Id. at 2). His appeal was rejected on February 22, 2010. (Id.)

On November 8, 2010, Petitioner filed a grievance at Polk Correctional Institution, claiming that the MCI correction officer had charged him with the four infractions in retaliation for Petitioner having filed a grievance against him. (Id. at 17). Petitioner received no response, so he filed another grievance (#3980-10-1175) on December 1, 2010, alleging the same set of facts. (Id.). This grievance was rejected on December 3, 2010, because it "appeal[ed]

---

[2]Under DOC procedural rules, an inmate who pleads guilty to an infraction may not appeal his conviction unless the DHO imposes a sentence greater than, or not as provided by policy. N.C. Dep't of Corr., Div. of Prisons, Policy and Procedure Manual, Chapter B § .0205(k)(4) (Oct. 1, 2010), *available at* http://www.doc.state.nc.us/dop/policy_procedure_manual/b200.pdf.

disciplinary action." (Id.). Petitioner "appealed" to the Inmate Grievance Review Board ("I.G.R.B."), and received no response. (Doc. No. 1 at 17). On January 11, 2011, Petitioner wrote a letter to the I.G.R.B. asking for a reply and decision on grievance #3980-10-1175. (Id.). On January 14, 2011, he received a response upholding the prison's rejection of his grievance and advising him to re-write his grievance so that it complied with administrative remedy procedures. (Id.).

On January 31, 2011, Petitioner filed another grievance (#3980-11-0118) alleging that the MCI correction officer had charged him with the four infractions in retaliation for Petitioner having filed a grievance against him. (Id.). It too was rejected by the screening officer because it "appeal[ed] disciplinary action." (Id.) Again, Petitioner appealed to the I.G.R.B. and received a letter on February 23, 2011, upholding the rejection based upon administrative remedy procedures. (Id.).

Undeterred, Petitioner filed a fourth grievance on February 25, 2011, and it was rejected on March 2, 2011 because it "appeal[ed] disciplinary action" and exceeded the one year time limit for filing a grievance. (Doc. No. 1 at 18). It does not appear that Petitioner appealed this grievance to the I.G.R.B.

Petitioner filed the instant federal habeas petition in September 2011.[3] He alleges that the charges against him were false and that the DHO violated his due process rights during the disciplinary hearing. (Id. at 5, 6, 8).

---

[3]Although the docket shows that the Petition was filed on September 9, 2011, an accompanying notation states that the docket was modified on September 29, 2011 to correct the filing date to September 19, 2011. (Doc. No 1). Petitioner dated his Petition September 2, 2011, and stated that he placed it in the prison mailbox on September 5, 2011. (Id. at 14). The cover letter accompanying the Petition, however, is dated September 15, 2011. (Doc. No. 1-1). Therefore, Petitioner could not have filed his Petition prior to that date.

## II.     STANDARD OF REVIEW

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts directs the district court assigned a habeas petition to examine it promptly. When it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition. Rules Governing Section 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254. For the reasons stated herein, Petitioner's habeas petition shall be dismissed as untimely.

## III.    DISCUSSION

The Antiterrorism and Effective Death Penalty Act (the "AEDPA") imposes a one-year statute of limitations period for the filing of a petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). Specifically, the limitation period runs from the latest of:

> (A) the date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C § 2244(d)(1).

Petitioner's limitations period for filing a habeas petition challenging his disciplinary convictions began to run, *at the latest*, on February 22, 2010, when his A-18 appeal was rejected. See Wade v. Robinson, 327 F.3d 328, 333 (4th Cir. 2003) (applying 28 U.S.C. § 2244(d)(1)(D) to determine the statute of limitations for a prisoner petitioner whose good conduct credits were

rescinded by law). Consequently, Petitioner had until February 22, 2011, to file his habeas petition in federal court. § 2244(d)(1). Petitioner, however, did not file the instant Petition until sometime in September 2011, more than six months after the statute of limitations expired. (Doc. Nos. 1 at 14; 1-1) (representing that it was placed in the prison mail system on September 5, but including a cover letter dated September 15). Therefore, absent statutory or equitable tolling, the Petition is untimely. See e.g. § 2244(d)(2) (providing for statutory tolling of the time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending) (emphasis added); Holland v. Florida, 130 S.Ct. 2549, 2554 (2010) (affirming that equitable tolling applies to the AEDPA's statute of limitations).

Addressing the issue of timeliness, Petitioner explains that "exhaustion of administrative remedies took a lot of time, because [his] knowledge of the law is very limited and the help [he] received from N.C. Prisoner Legal Services was very vague and limited." (Doc. No. 1 at 13, ¶18). Unfortunately for Petitioner, exhaustion under §2254 requires that he pursue his claims in the state *courts*, if such a procedure is available under state law. § 2254(b)(1) and (c). In North Carolina, a petitioner may challenge a prison disciplinary conviction by filing a Motion for Appropriate Relief "'in the superior court where the conviction arose and by appealing any adverse ruling thereon in the state appellate courts.'" Sartori v. N.C. Att'y Gen., No. 1:11-cv-24, 2011 WL 1542134, at *2 (W.D.N.C. Apr. 22, 2011) (quoting Hatcher v. Keller, No. 1:10-cv-30, 2010 WL 1568458, at * 2 (M.D.N.C. Apr. 16, 2010)); see also North Carolina v. Bowden, 668 S.E.2d 107, 108 (N.C. Ct. App. 2008) (treating inmate's challenge to custodian's refusal to apply his good behavior credits to the calculation of his parole eligibility as a motion for appropriate relief).

Here, while it appears that Petitioner diligently attempted to exhaust his administrative remedies, it does not appear that he sought review in the state courts. Therefore, Petitioner's statute of limitations is not subject to statutory tolling. § 2244(d)(2).

Finally, Petitioner's statute of limitations is not subject to equitable tolling. See Holland, 130 S.Ct. at 2562 (holding that to be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing"). Unfamiliarity with the legal process or ignorance of the law cannot support equitable tolling. See Harris v. Hutchinson, 209 F.3d 325, 330-31 (4th Cir. 2000) (no equitable tolling when counsel erroneously advised petitioner as to the statute of limitations) (citing Barrow v. New Orleans S.S. Ass'n, 932 F.2d 473, 478 (5th Cir. 1991) (refusing to apply equitable tolling where the delay in filing was the result of a plaintiff's unfamiliarity with the legal process)).[4]

## IV.   CONCLUSION

For the foregoing reasons, the Petition for Writ of Habeas Corpus is untimely and shall be dismissed as such.[5] Additionally, the undersigned concludes that Petitioner has not satisfied

---

[4]The Court notes that even if the statute of limitations was equitably tolled from November 8, 2010 through March 2, 2011, while Petitioner attempted to exhaust his administrative remedies, he still filed his Petition out of time.

[5]The Court is mindful of the Fourth Circuit's directive in Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002) to warn a petitioner that his case is subject to dismissal prior to dismissing a petition as untimely filed, when justice so requires. However, such warning is not necessary in this case. In his § 2254 form petition, Petitioner addressed the statute of limitations issue and provided a two-page timeline showing his efforts to exhaust his administrative remedies, demonstrating that he understood that timeliness and exhaustion were threshold requirements for relief under § 2254. Additionally, his explanation shows no apparent confusion regarding the timeliness issue. Cf. Bilal v. North Carolina, 287 F. App'x 241, 243 (4th Cir. 2008) (unpublished) (remanding a § 2254 petition to give the petitioner an opportunity to clarify his apparent confusion regarding the statute of limitations and the timeliness of his petition).

the legal standard for issuance of a certificate of appealability. See Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254 (requiring that the district court issue or deny a certificate of appealability when it enters a final order adverse to a petitioner)

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When relief is denied on procedural grounds, a petitioner satisfies this standard by demonstrating both that reasonable jurists would find the district court's dispositive procedural ruling debatable or wrong and that the petition states a debatable claim of the denial of a constitutional right. Slack v. McDaniel, 529 U.S. 473, 484 (2000). Petitioner has done neither. Therefore, the Court will not issue a certificate of appealability in this case. See id.

## V. ORDER

**IT IS, THEREFORE, ORDERED** that Petitioner's § 2254 Petition for Writ of Habeas Corpus, (Doc. No. 1), is **DISMISSED** as untimely.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Proceed *In Forma Pauperis*, (Doc. No. 2), is **GRANTED** for the sole purpose of entering this Order.

Signed: October 28, 2011

Robert J. Conrad, Jr.
Chief United States District Judge